```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**DONNA L. ISAAC,**

    **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 1:07-00722**

**CNX GAS COMPANY, LLC,**

    **Defendant.**

## MEMORANDUM OPINION

Pending before the court is plaintiff Donna L. Isaac's amended complaint alleging harassment, discrimination, and retaliation. (Doc. No. 37.) By Standing Order entered on August 1, 2006, and filed in this case on November 13, 2007, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. (Doc. No. 3.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs the magistrate judge to submit Proposed Findings and Recommendations ("PF&R") concerning the disposition of this matter. (Id.) On December 10, 2007, the defendant, CNX Gas Company, LLC, moved to dismiss the plaintiff's complaint. (Doc. No. 19.) Magistrate Judge VanDervort then submitted his PF&R on July 9, 2008, recommending that this court (1) grant the defendant's motion inasmuch as it requests that plaintiff's hostile work environment, gender discrimination, race discrimination, and age discrimination claims be dismissed, and

(2) deny defendant's motion inasmuch as it requests that plaintiff's retaliation claim be dismissed. (Doc. No. 43.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to the magistrate judge's PF&R. The defendant objected on July 22, 2008 (Doc. No. 46), and the plaintiff objected on August 15, 2008, (Doc. No. 55). The defendant then responded to the plaintiff's objection on August 28, 2008. (Doc. No. 56.) The court has now conducted a de novo review of the record as to all of the objections.

## I. Factual Background[1]

The plaintiff was first employed as a full-time temporary worker with CNX Gas Company, LLC, ("CNX") on June 5, 2005. (Doc. No. 37 at 2.) She was assigned this temporary position by Personnel Pool of Virginia, also known as Saunders Staffing (Doc. No. 43 at 2), and received payment of wages earned in her employment with CNX through Saunders Staffing (Doc. No. 19 Ex. B

---

[1] Most of the facts and allegations described below are drawn from the amended complaint (Doc. No. 37), as opposed to the original complaint (Doc. Nos. 2, 6). See Ridpath v. Bd. of Governors Marshall University, 447 F.3d 292, (4th Cir. 2006) ("The facts relevant to these appeals are largely drawn from the operative complaint in these proceedings, i.e., Ridpath's 'amended complaint' of December 19, 2003, superseding his 'initial complaint' of August 4, 2003."). However, because of the plaintiff's *pro se* status, the court also reviewed and considered that facts and allegations set forth in initial complaint (Doc. Nos. 2, 6), and the addendum to the initial complaint (Doc. No. 7).

at 4).  The plaintiff's starting pay was $7.00 an hour.  (Doc. No. 37 at 2.)  After two weeks of employment her pay was increased to $9.00 an hour, and by September of 2005 her pay was increased to $15.00 an hour.  (Id.)

In her amended complaint, the plaintiff generalizes that Scott Hodges, a mid-level manager and Carrie Adkins, an employee, with the acquiescence of William Gillenwater, a senior manager, subjected her "to a pattern of negative employment actions in the workplace" and that such actions blocked "every opportunity plaintiff made to advance professionally within the company." (Doc. No. 37 at 3.)  The plaintiff supports the above generalizations with claims that she was (1) "denied a computer to complete her job duties for the entire 19 month she was employed with defendant," (2) ostracized "from the work environment, as email is a valuable and necessary business communication tool, as well as, a means of camaraderie between staff or management and staff," and (3) further isolated from the work environment because "Hodges and Adkins . . . intimidated other workers from associating or working with plaintiff." (Id. at 3-4.)

More particularly, the plaintiff alleges that (1) during the first week of October 2006, Hodges "told plaintiff that she would no longer be issuing title numbers to files (which she had been trained for and had done consistently since July 2005) and then

assigned that work to Jamie Cox-Kidd, a woman "half plaintiff's age;" (2) during the third week of October 2006, Hodges asked plaintiff to move from the office she had been given to a cubicle up front and then allowed Jamie Cox-Kidd to move from her office into the plaintiff's former office; (3) "on November 16, 2006, during a department staff meeting . . . Hodges asked plaintiff to stand and introduce herself," and then "made the announcement that the plaintiff's job duties were copying and filing for anyone that needed it in the department;"[2] and (4) on one occasion Hodges asked the plaintiff to count all the doors on the outside of the building and on the inside of the building.  (Id. at 4-5.)

The plaintiff's amended complaint states that on November 16, 2006, the she made a verbal complaint of "harassment and discrimination" to the West Virginia Human Rights Commission; filed a written complaint with the West Virginia Human Rights Commission on December 1, 2006[3]; "reported her harassment and discrimination" to Jerome Richey, Chief Legal Officer of Consol

---

[2] The plaintiff also alleges that during this same meeting two black females, who had only been employed by CNX for 3 months, were assigned to assist supervisors.  (Id.)

[3] The plaintiff's sworn averment that her written complaint was filed with the West Virginia Human Rights Commission on December 1, 2006, is a point of contention.  CNX has presented a copy of the plaintiff's written complaint to the West Virginia Human Rights Commission which is dated February 7, 2007, several days after her employment was terminated, and in fact refers to her termination from employment with CNX.  (Doc. No. 4 Ex. B.)

4

Energy, the parent company of CNX, on December 11, 2006; and was informed on December 19, 2006, by Kurt Salvatori, the Director of Human Resources for CNX, that "his company did not feel that plaintiff had been harassed or discriminated against."  (Id. at 5-7.)  The plaintiff then avers that she spoke with Marsha Prol, a placement coordinator at Saunder's Staffing on December 27, 2006, and that Ms. Prol informed the plaintiff that her assignment with CNX would be ending on December 29, 2006.  (Id.)

The West Virginia Human Rights Commission issued a "no probable cause" determination on May 11, 2007, and on June 29, 2007, upheld that determination by final order denying the plaintiff's request for administrative review.  (Doc. No. 4 Ex. A, D, E, F.)  The plaintiff then filed two complaints with the United States Equal Employment Opportunity Commission: (1) a complaint dated July 23, 2007, alleging age discrimination and retaliation, and (2) a complaint dated September 25, 2007, alleging age and race discrimination.  (Doc. No. 19 Ex. C and E.)  Both complaints were dismissed.  (Doc. No. 19 Ex. D; Doc. No. 8.)

## II.  Procedural Background

On November 9, 2007, plaintiff, *pro se,*[4] filed an application to proceed without prepayment of fees and a narrative

---

[4]  Because plaintiff is acting pro se, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

5

complaint alleging harassment, discrimination, and retaliation. (Doc. Nos. 1, 2, 6-7.)  The complaint contained allegations this court deemed scandalous, and accordingly the court ordered the complaint sealed and directed the Clerk's Office to file a redacted version in lieu thereof.  (Doc. Nos. 5, 6.)  The plaintiff filed a motion requesting this court to reconsider its decision to seal and redact (Doc. No. 12), which this court swiftly denied (Doc. No. 18).

On December 10, 2007, the defendant moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 19.)  Therein the defendant argued that (1) plaintiff cannot assert a Title VII claim premised on either sexual favoritism or sexual-orientation discrimination, and (2) plaintiff's complaint fails to state a claim for gender discrimination, sexual harassment/hostile work environment, and retaliatory discharge.  (Doc. No. 20.)  The plaintiff responded in opposition, arguing only that defendant had improperly moved to dismiss because defendant, at that point, had not yet been served with a copy of the complaint.  (Doc. No. 26.)  The defendant replied, stating that it had waived service of the complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure and as such the filing of its motion to dismiss was proper.  (Doc. No. 27.)

The plaintiff then filed a motion to extend time to respond to defendant's motion to dismiss (Doc. No. 32), and a motion for leave to file an amended complaint (Doc. No. 33).  The plaintiff's motion for extension of time was granted and the plaintiff was notified of her right to file a response and submit affidavits, exhibits, and other factual material supporting her complaint.  (Doc. No. 36.)  The plaintiff's motion to amend complaint was also granted.  (Id.)  On February 20, 2008, the plaintiff filed her amended complaint (Doc. No. 37), and her response in opposition to defendant's motion to dismiss (Doc. No. 39-2).  In her response, the plaintiff argued that "[t]he fact that the 4th [Circuit] has not recognized 'sexual favoritism' up to this point does not mean that they will not recognize a case of this nature today" and that her "retaliation charge was due to 'participation' in protected activity, that was the reason for [her] discharge disguised as a lay off."  (Doc. No. 39-2 at 3-4.)  The defendant replied, identifying that "[i]n plaintiff's amended complaint she appears to be alleging the same claims that she was previously pursuing: sexual favoritism causing a hostile work environment and retaliation," and arguing that the "new factual allegations in her amended complaint . . . merely expand upon the irrelevant allegations contained in her original complaint."  (Doc. No. 40.)

The plaintiff, acting *pro se*, also filed two other complaints and applications to proceed without prepayment of fees in this district court both of which are based upon the same facts and circumstances alleged in this matter: <u>Isaac v. Saunders Staffing, Inc.</u>, Civil Action No. 1:08-00140, on February 29, 2008; and <u>Isaac v. CNX Gas Company, LLC</u>, Civil Action No. 1:08-00143, on March 3, 2008.  In both actions, plaintiff states that she "is seeking damages for age discrimination, race discrimination, hostile work environment, reprisal, and retaliatory discharge."

In her complaint in Civil Action No. 1:08-cv-00140, plaintiff claims that Saunders Staffing (1) aided and abetted CNX in discriminating against her and discharging her in retaliation for reporting the harassment which she experienced to the West Virginia Human Rights Commission and CNX's parent company, Consol Energy; (2) committed age discrimination in failing to refer her for full time employment as a paralegal to the West Virginia Department of Health and Human Services in September, 2005; (3) aided and abetted CNX in discriminating against her based upon race in retaining a black female temporary worker "with inferior job qualifications" and terminating Plaintiff's employment; and (4) intentionally misrepresented to the West Virginia Unemployment Commission that Plaintiff was a temporary employee, did not seek another job assignment and therefore quit.  (Doc.

No. 2.) Plaintiff has filed Amendments to her Complaint containing essentially the same allegations. (Doc. Nos. 4 and 5.)

In her complaint in Civil Action No. 1:08-00143 plaintiff alleges that CNX was a "joint employer" with Saunders Staffing and further claims that CNX (1) committed age discrimination by assigning a woman half her age to perform her job duties after she had worked for CNX for fifteen months; (2) committed race discrimination by giving a black female temporary worker a computer to perform her job duties and refusing to give Plaintiff a computer; and (3) created a discriminatory environment by not posting job vacancies and filling them with persons from outside the company. (Doc. No. 2.)

Having found that Civil Action No. 1:08-00140, Civil Action No. 1:08-00143, and Civil Action No. 1:07-00722 are all based essentially upon the same factual circumstances and therefore present the same issues of law, Magistrate Judge VanDervort ordered the cases consolidated and designated Civil Action No. 1:07-00722 as the lead case. (Civil Action 1:07-00722; Doc. No. 45.) Consequently, the magistrate judge determined that the defendant's motion to dismiss applied to all claims contained in the three original complaints.

## III. Analysis

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a

plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007)(referencing Conley v. Gibson, 355 U.S. 41, 47 (1957)); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510-11 (2002) (although the plaintiff in an employment discrimination suit need not allege specific facts establishing a *prima facie* case of discrimination, she must allege facts supporting each of the elements of her discrimination claims).  Dismissal is therefore proper under Rule 12(b)(6) where, construing the allegations of the complaint in a light most favorable to the plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that the plaintiff's factual allegations do not support one or more of the elements of her claims and no relief could be granted under any set of facts which could be proven consistent with the allegations.[5]

---

[5] It must also be noted that deference is given to *pro se* complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(explaining that a district court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings).

**A.    Plaintiff's Objections**

The plaintiff objects to the magistrate judge's recommendation that this court dismiss the plaintiff's hostile work environment, gender discrimination, race discrimination, and age discrimination claims. Her objections, however, are unresponsive and conclusory. The plaintiff simply rehashes her previous claims as stated in her several complaints and supporting documentation, and fails to provide any legal argument countering the magistrate's recommendation. Accordingly, the plaintiff's objections are overruled. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)(This court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").

**B.    Defendant's Objections**

The defendant objects to the magistrate judge's recommendation that this court deny defendant's motion inasmuch as it requests that the plaintiff's retaliation claim be dismissed. Particularly, the defendant contends that the plaintiff has failed to state a retaliation claim because "she did not oppose an employment practice that was unlawful nor has she reasonably believed that the employment practice she opposed was unlawful." (Doc. No. 46 at 6.)

The plaintiff claims that her employment with CNX was terminated because she voiced complaints of harassment and discrimination to the West Virginia Human Rights Commission and Consol Energy, CNX's parent company.  This claim is properly characterized as arising under 42 U.S.C. § 2000-e-3(a).  The relevant provision of Section 704(a) of Title VII reads as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter.

42 U.S.C. § 2000e-3(a).  The statutory language provides protection of an employee's opposition activity when the employee responds to an actual unlawful employment practice.  The Fourth Circuit has, however, held that opposition activity is only protected when it responds to an employment practice that the employee reasonably believes is unlawful. Jordan v. Alternative Resources Corp., 458 F.3d 332, 338-39 (4th Cir. 2006) (citing EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 406-07 (4th Cir. 2005)).  "Because the analysis for determining whether an employee reasonably believes a practice is unlawful is an objective one, the issue may be resolved as a matter of law." Jordan, 458 F.3d at 339 (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268 (2001) (per curiam) (resolving the objective reasonableness of Title VII plaintiff's beliefs through the summary judgment procedure)).

It is clear that the plaintiff did not voice any opposition to an employment practice that was actually unlawful. This court has adopted the magistrate judge's findings and conclusions that the plaintiff failed to state hostile work environment, gender discrimination, race discrimination, and age discrimination claims. The court also finds it was not reasonable for the plaintiff to believe that the hostile work environment, gender discrimination, race discrimination, and age discrimination allegations contained in her several complaints were sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere. Accordingly, the plaintiff's retaliation claim must be dismissed, as well.

**IV. Conclusion**

For the reasons discussed above, the court hereby **CONFIRMS** and **ACCEPTS** Magistrate Judge VanDervort's PF&R (Doc. No. 43) to the extent it recommends dismissal of plaintiff's hostile work environment, gender discrimination, race discrimination, and age discrimination claims; **REJECTS** Magistrate Judge VanDervort's PF&R (Doc. No. 43) to the extent it recommends that this court find the plaintiff to have stated a viable retaliation claim; **SUSTAINS** defendant's objection to the PF&R (Doc. No. 46); **OVERRULES** plaintiff's objection to the PF&R (Doc. No. 55); **GRANTS** the defendant's motion to dismiss (Doc. No. 19); and **DIRECTS** the Clerk to remove this action from the court's docket. A Judgment

13

Order of even date will be entered effectuating the court's ruling.

The Clerk is directed to mail a copy of this Memorandum Opinion to all counsel of record and the plaintiff, pro se.

It is **SO ORDERED** this 9th day of September, 2008.

ENTER:

*David A. Faber*

David A. Faber
United States District Judge